550 So.2d 1097 (1989)
In re AMENDMENT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.220 (DISCOVERY).
No. 73734.
Supreme Court of Florida.
May 3, 1989.
As Amended on Denial of Rehearing November 2, 1989.
Rutledge R. Liles, President, The Florida Bar, Jacksonville, Stephen N. Zack, President-elect, The Florida Bar, Miami, Honorable Stan R. Morris, Chairman, Supreme Court Criminal Discovery Com'n, Gainesville, Anthony C. Musto, Acting Chairman, Florida Criminal Procedure Rules Committee, Miami, John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Barry A. Cohen, President, Florida Ass'n of Criminal Defense Lawyers, Tampa, Michael E. Allen, Public Defender, Tallahassee, Designated Representative for the Florida Public Defender Ass'n, Inc.; and David B. Higginbottom, Frostproof, for petitioners.
Janet Reno, State Atty., Miami, Arthur Jacobs, General Counsel, Florida Pros. Attys. Ass'n, Fernandina Beach, Peter Antonacci, Office of Statewide Prosecution, Tallahassee, Donald M. Middlebrooks of Steel, Hector & Davis, Miami, and Ed Austin, Com'r, Com'n on Criminal Discovery, State Atty., Jacksonville, for respondents.
PER CURIAM.
Pursuant to a Concurrent Resolution from the Florida Legislature[1] requesting this Court to appoint a commission for the purpose of reviewing Florida Rule of Criminal Procedure 3.220, regarding the discovery process in criminal cases, we now consider the findings and recommendations of the Florida Supreme Court Commission on Criminal Discovery. In addition, we also consider the proposals and recommendations submitted by other parties interested in the administration of our criminal justice system. We have jurisdiction. Art. V, § 2(a), Fla. Const.
Initially, we would like to thank the many people who worked with the Commission on Criminal Discovery, who testified before the Commission, and all those who played some part in the production of the Commission's report and participated in the oral arguments before this Court on April 18, 1989. Only through their hard work and effort have we been able to complete this extensive review of a difficult, perplexing question.
In its concurrent resolution, the legislature requested this Court to consider a petition submitted by the State Attorneys of Florida addressing proposed changes in rule 3.220. The legislature requested this Court to appoint the Commission on Criminal Discovery (Commission) to hear testimony on criminal discovery procedures and review the proposals. The legislature requested the Commission to consider:
(1) Protection for victims and other witnesses.
(2) Limiting depositions to only essential witnesses.
(3) Prohibiting the defendant from attending the deposition unless good cause is shown.
(4) Use of technological advances to reduce costs and scheduling problems.
(5) Potential savings of public funds and the time of law enforcement, witnesses, prosecutors, defense counsel, and court personnel that may be derived by employing alternative discovery techniques.
(6) Any other appropriate issues.[2]
Pursuant to this request, we appointed the Commission on Criminal Discovery.[3] The Commission listened to testimony in three locations (Tallahassee, Tampa, and Fort Lauderdale) and submitted its findings, report, and proposals to this Court on February 1, 1989. Afterwards, we sent the report, along with the minority reports of commissioners in disagreement with the *1098 Commission report, to the Florida Bar Criminal Rules Committee (Committee) for consideration. The Committee returned the report to us with a number of recommendations, some of which we have adopted.
We scheduled oral argument to consider the Commission's proposals, the Committee's recommendations, and the minority reports, and we requested all interested parties to submit proposals or letters in support of or in opposition to the Commission's proposals. Following oral argument, we considered all proposals and, accordingly, we amend Florida Rule of Criminal Procedure 3.220 in the manner set forth in the appendix to this opinion.
From all the evidence and testimony taken during the proceedings one fact is clear: virtually all parties at oral argument recognized that depositions in criminal cases play a necessary role in our criminal justice system by insuring fairness and equal administration of justice. Moreover, although there are undeniably some abuses of the deposition process, such abuses are not nearly as widespread as originally feared. Indeed, the records and transcripts in these proceedings lead to a single inevitable conclusion. Discovery depositions are a necessary and valuable part of our criminal justice system, and they are clearly worth the risk of some minor abuse. Although we are amending the discovery rule in hopes of curtailing these abuses, we retain discovery depositions in all cases except misdemeanor cases, where depositions may only be taken upon a showing of good cause.
With some notable exceptions and some minor changes, we accept the Commission's proposed amendments to rule 3.220. The following is a summary of those amendments. Rule 3.220(a) is added to insure that if a defendant utilizes the discovery process, he or she will be required to reciprocate fully in discovery with the prosecution. Rules 3.220(b)(1)(i)(a)-(b) and 3.220(h)(1)(i)-(ii) are amended to provide prosecutors the discretion to designate certain witnesses who may not be deposed unless ordered by the trial court, upon good cause shown. This amendment also provides for sanctions against either side for abuses in designating witnesses or in taking depositions.
Rule 3.220(b)(1)(ii) is amended to include all police reports within the meaning of the term "statement." Rule 3.220(b)(2) is amended to emphasize that information favorable to the defense must be produced regardless of whether the defense files a notice of discovery. An introduction to rule 3.220(d) is added to reflect the change in nomenclature from "demand for discovery" to "notice of discovery." Rule 3.220(h)(1)(iii) abolishes discovery depositions in misdemeanor cases except upon good cause shown. This proposal was not advanced by the Commission, but rather was recommended by the Committee, which supported the abolition of depositions in misdemeanor cases by a vote of eighteen to four.
Rule 3.220(h)(3) is added to provide that depositions shall be taken in the building where the trial will be held, or in a place designated by the trial judge, administrative judge, or chief judge, or by agreement of the parties. Rule 3.220(h)(4) is added to provide for videotaping of witnesses under the age of sixteen, and to provide that depositions of witnesses of fragile emotional strength may be taken before the trial judge or a special master. This addition is intended to protect these witnesses from harassment or intimidation during the taking of a deposition.
Rule 3.220(h)(5) provides for the establishment of Witness Coordination Offices to help coordinate the taking of depositions of law enforcement officers, although the rule does not mandate the establishment of such offices. Rule 3.220(h)(6) states that a defendant shall not be present at a deposition except upon stipulation of the parties or court order upon good cause shown. The rule defines the court's considerations in reviewing a defendant's motion to be present at a deposition. Rule 3.220(h)(7) allows statements of law enforcement officers to be taken by telephone in lieu of depositions upon stipulation by the parties and consent of the witness.
*1099 Rule 3.220(n)(2) details sanctions to be imposed against counsel for willful violation of an applicable discovery rule or an order issued pursuant thereto. Rule 3.220(n)(3) is added to require that attorneys or parties filing any papers pursuant to these rules must provide certification that they are requesting or providing discovery in good faith. In addition to these changes, several minor amendments involving numerical adjustments and word rearrangement are also adopted by this Court.
Appended to this opinion is the amended and new Florida Rule of Criminal Procedure 3.220 relating to criminal discovery procedures. Deletions are indicated by use of struck-through type. New language is indicated by underscoring. All rules and statutes in conflict with the following rules are hereby superceded as of the effective date of these rules. The comments are the work of the Commission, the Committee, and this Court, and are not adopted by the Court as part of the rules. These amendments shall become effective July 1, 1989.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
OVERTON, J., concurs specially with an opinion.
GRIMES, J., concurs with an opinion.
KOGAN, J., concurs in part and dissents in part with an opinion, in which SHAW and BARKETT, JJ., concur.

APPENDIX

Rule 3.220  DISCOVERY.
 (a) Notice of Discovery. If a defendant should elect to avail
himself of the discovery process provided by these rules,
including the taking of discovery depositions, the defendant
shall file with the court and serve upon the prosecuting attorney
notice of the defendant's intent to participate in discovery.
Such "Notice of Discovery" shall bind both the prosecution and
defendant to all discovery procedures contained in these rules.
The defendant may take discovery depositions upon the filing of
such notice. The defendant's participating in the discovery
process, including the defendant's taking of the deposition of
any person, shall be an election to participate in discovery. If
any defendant knowingly or purposely shares in discovery obtained
by a codefendant, he shall be deemed to have elected to
participate in discovery.
 (a)(b) Prosecutor's Discovery Obligation.
 (1) After the filing of the indictment or information, within
fifteen days after written demand by the defendant service of
the defendant's notice of election to participate in discovery,
the prosecutor shall disclose to defense counsel and permit him
to inspect, copy, test and photograph, the following information
and material within the State's possession or control:
 (i) The names and addresses of all persons known to the
prosecutor to have information which may be relevant to the
offense charged, and to any defense with respect thereto. The
defendant may take the deposition of any person not designated by
the prosecutor as a person:
 a. who performed only a ministerial function with respect to
the case or whom the prosecutor does not, in good faith, intend
to call at trial, and
 b. whose involvement with the case and knowledge of the case
is fully set out in a police report or other statement furnished
to the defense.
 (ii) The statement of any person whose name is furnished in
compliance with the preceding paragraph. The term "statement" as
used herein means includes a written statement made by said
person and signed or otherwise adopted or approved by him, or a
stenographic, mechanical, electrical, or other recording, or a
transcript thereof, or which is a substantially verbatim recital
of an oral statement made by said person to an officer or agent
of the State and recorded contemporaneously with the making of
such oral statement, provided, however, if the court determines
in camera proceedings as provided in subsection (i) hereof
that any police report

*1100
contains irrelevant, sensitive information or information
interrelated with other crimes or criminal activities and the
disclosure of the contents of such police report may seriously
impair law enforcement or jeopardize the investigation of such
other crimes or activities, the court may prohibit or partially
restrict such disclosure. The court shall prohibit the State from
introducing in evidence the material not disclosed, so as to
secure and maintain fairness in the just determination of the
cause. and also includes any statement of any kind or manner made
by such person and written or recorded or summarized in any
writing or recording. The term "statement" is specifically
intended to include all police and investigative reports of any
kind prepared for or in connection with the case but shall not
include the notes from which such reports are compiled.
 (iii) Any written or recorded statements and the substance of
any oral statements made by the accused, including a copy of any
statements contained in police reports or report summaries,
together with the name and address of each witness to the
statements.
 (iv) Any written or recorded statements and the substance of
any oral statements made by a codefendant if the trial is to be a
joint one.
 (v) Those portions of recorded grand jury minutes that contain
testimony of the accused.
 (vi) Any tangible papers or objects which were obtained from or
belonged to the accused.
 (vii) Whether the State has any material or information which
has been provided by a confidential informant.
 (viii) Whether there has been any electronic surveillance,
including wiretapping, of the premises of the accused, or of
conversations to which the accused was a party; and, any
documents relating thereto.
 (ix) Whether there has been any search or seizure and any
documents relating thereto.
 (x) Reports or statements of experts made in connection with
the particular case, including results of physical or mental
examinations and of scientific tests, experiments or comparisons.
 (xi) Any tangible papers or objects which the prosecuting
attorney intends to use in the hearing or trial and which were
not obtained from or belonged to the accused.
 (xii) If the court determines, in camera, that any police or
investigative report contains irrelevant, sensitive information
or information interrelated with other crimes or criminal
activities and the disclosure of the contents of such police
report may seriously impair law enforcement or jeopardize the
investigation of such other crimes or activities, the court may
prohibit or partially restrict such disclosure.
 (xiii) The court may prohibit the State from introducing into
evidence any of the foregoing material not disclosed, so as to
secure and maintain fairness in the just determination of the
cause.
 (2) As soon as practicable after the filing of the indictment
or information the prosecutor shall disclose to the defense
counsel any material information within the State's possession or
control which tends to negate the guilt of the accused as to the
offense charged, regardless of whether the defendant has
incurred reciprocal discovery obligations.
 (3) The prosecutor shall perform the foregoing obligations in
any manner mutually agreeable to him and defense counsel or as
ordered by the court.
 (4) The court may deny or partially restrict disclosures
authorized by this Rule if it finds there is a substantial risk
to any person of physical harm, intimidation, bribery, economic
reprisals, or unnecessary annoyance or embarrassment resulting
from such disclosure, which outweighs any usefulness of the
disclosure to defense counsel.
 (5) Upon a showing of materiality to the preparation of the
defense, the court may require such other discovery to defense
counsel as justice may require.
 (b)(c) Disclosure to Prosecution.

*1101
 (1) After the filing of the indictment or information and
subject to constitutional limitations, a judicial officer may
require the accused to:
 (i) Appear in a line-up;
 (ii) Speak for identification by witnesses to an offense;
 (iii) Be fingerprinted;
 (iv) Pose for photographs not involving re-enactment of a
scene;
 (v) Try on articles of clothing;
 (vi) Permit the taking of specimens of material under his
fingernails;
 (vii) Permit the taking of samples of his blood, hair and other
materials of his body which involves no unreasonable intrusion
thereof;
 (viii) Provide specimens of his handwriting; and
 (ix) Submit to a reasonable physical or medical inspection of
his body.
 (2) Whenever the personal appearance of the accused is required
for the foregoing purposes, reasonable notice of the time and
place of such appearance shall be given by the prosecuting
attorney to the accused and his counsel. Provisions may be made
for appearances for such purposes in an order admitting the
accused to bail or providing for his pre-trial release.
 (d) Defendant's Obligation.
 If a defendant elects to participate in discovery, either
through filing the appropriate notice or by participating in any
discovery process, including the taking of a discovery
deposition:
 (3)(1) Within seven days after receipt by defense counsel
the defendant of the list of names and addresses furnished by
the prosecutor pursuant to Section (a)(b)(1)(i) of this Rule
the defense counsel defendant shall furnish to the prosecutor
a written list of the names and addresses of all witnesses whom
the defense counsel defendant expects to call as witnesses at
the trial or hearing. When the prosecutor subpoenas a witness
whose name has been furnished by defense counsel the
defendant, except for trial subpoenas, reasonable notice shall
be given to defense counsel the defendant as to the time and
place of examination pursuant to the subpoena. At such
examination, the defendant, through defense counsel, shall have
the right to be present and to examine the witness. The physical
presence of the defendant shall be governed by Rule 3.220(h)(6)
below.
 (1)(2) If the defendant demands discovery under Section
(a)(1)(ii), (x), (xi) of this Rule, the The defendant shall
disclose to the prosecutor and permit him to inspect, copy, test
and photograph, the following information and material which
corresponds to that which the defendant sought and which is in
the defendant's possession or control:
 (i) The statement of any person whom the defendant expects to
call as a trial witness listed in section (d)(1), above, other
than that of the defendant.
 (ii) Reports or statements of experts made in connection with
the particular case, including results of physical or mental
examinations and of scientific tests, experiments or comparisons.
 (iii) Any tangible papers or objects which the defense
counsel defendant intends to use in the hearing or trial.
 Defense counsel The defendant shall make the foregoing
disclosures within fifteen days after receipt by him of the
corresponding disclosure from the prosecutor. Defense counsel
The defendant shall perform the foregoing obligations in any
manner mutually agreeable to him and the prosecutor; or as
ordered by the court.
 The filing of a motion for protective order by the prosecutor
will automatically stay the times provided for in this section.
If a protective order is granted, the defendant may, within two
days thereafter, or at any time before the prosecutor furnishes
the information or material which is the subject of the motion
for protective order, withdraw his demand notice of discovery
and not be required to furnish reciprocal discovery.
 (e) Restricting Disclosure. The court on its own initiative or
on motion of counsel shall deny or partially restrict disclosures
authorized by this Rule if it finds there is a

*1102
substantial risk to any person of physical harm, intimidation,
bribery, economic reprisals, or unnecessary annoyance or
embarrassment resulting from such disclosure, which outweighs any
usefulness of the disclosure to either party.
 (f) Additional Discovery. Upon a showing of materiality, the
court may require such other discovery to the parties as justice
may require.
 (c)(g) Matters Not Subject to Disclosure.
 (1) Work Product. Disclosure shall not be required of legal
research or of records, correspondence, reports or memoranda, to
the extent that they contain the opinions, theories, or
conclusions of the prosecuting or defense attorney, or members of
his legal staff.
 (2) Informants. Disclosure of a confidential informant shall
not be required unless the confidential informant is to be
produced at a hearing or trial, or a failure to disclose his
identity will infringe the constitutional rights of the accused.
 (d)(h) Discovery Depositions.
 (1) Generally. At any time after the filing of the indictment
or information the defendant may take the deposition upon oral
examination of any person who may have information relevant to
the offense charged. The deposition shall be taken in a building
where the trial may be held, such other place agreed upon by the
parties or where the trial court may designate by special or
general order. The Subject to the provisions of this rule, a
party taking the a deposition shall give reasonable written
notice to each other party. The notice shall state the time and
place the deposition is to be taken and the name of each person
to be examined. After notice to the parties the court may, for
good cause shown, extend or shorten the time and may change the
place of taking. Except as provided herein, the procedure for
taking such deposition, including the scope of the examination,
shall be the same as that provided in the Florida Rules of Civil
Procedure. Any deposition taken pursuant hereto may be used by
any party for the purpose of contradicting or impeaching the
testimony of the deponent as a witness. The trial court or its
clerk shall, upon application, issue subpoenas for the persons
whose depositions are to be taken. In any case, including
multiple defendant or consolidated cases, no person shall be
deposed more than once except by consent of the parties, or by
order of the court issued upon good cause shown. A resident of
the State may be required to attend an examination only in the
county wherein he resides, or is employed, or regularly transacts
his business in person. A person who refuses to obey a subpoena
served upon him may be adjudged in contempt of the court from
which the subpoena issued.
 (i) No defendant may take the deposition of a person
designated under section (b)(1)(i) above unless an order has been
entered by the trial court permitting the taking of said
deposition based upon good cause shown by the defendant.
 (ii) Abuses by either the prosecutor or the defendant in
designating and seeking to take the depositions of those persons
designated under 3.220(b)(1)(i) above are subject to the
sanctions provision of this rule.
 (iii) No deposition shall be taken in a case where the
defendant is only charged with a misdemeanor or a criminal
traffic offense when all other discovery provided by this rule
has been complied with unless good cause can be shown to the
trial court. In determining whether to allow a deposition, the
court should consider the consequences to the defendant, the
complexity of the issues involved, the complexity of the witness'
testimony (e.g., experts) and the other opportunities available
to the defendant to discover the information sought by
deposition. However, this prohibition against the taking of
depositions shall not be applicable if following the furnishing
of discovery by the defendant the State then takes the statement
of a listed defense witness pursuant to Florida Statute 27.04.
 (2) Transcripts. No transcript of a deposition for which a
county may be obligated to expend funds shall be ordered by a
party unless it is: (a) agreed between the State and any
defendant that the deposition

*1103
should be transcribed and a written agreement certifying that
the deposed witness is material or specifying other good cause is
filed with the court, or (b) ordered by the court upon a showing
that the deposed witness is material or upon showing of good
cause. This rule shall not apply to applications for
reimbursement of costs pursuant to Florida Statute 939.06 and
Article I, Section 9 of the Florida Constitution.
 (3) Place of Deposition. The deposition shall be taken in a
building where the trial will be held, such other place agreed
upon by the parties or such place as the trial judge,
administrative judge, or the chief judge, may designate by
special or general order.
 (4) Depositions of Sensitive Witnesses. Depositions of
children under the age of 16 shall be videotaped unless otherwise
ordered by the court. The court may order the videotaping of a
deposition or the taking of a deposition of a witness with
fragile emotional strength to be in the presence of the trial
judge or a special master.
 (5) Witness Coordinating Office/Notice of Taking Deposition.
If a witness coordinating office has been established in the
jurisdiction pursuant to applicable Florida Statutes the
deposition of any law enforcement officer should be coordinated
through such office. The Witness Coordinating Office should
attempt to schedule depositions of witnesses, especially law
enforcement officers, at a time and place convenient for the
witness and acceptable to counsel for both the defense and the
prosecution.
 (6) Defendant's Physical Presence. A defendant shall not be
physically present at a deposition except upon stipulation of the
parties or upon court order for good cause shown.
 (i) The defendant may move the court for an order permitting
physical presence of the defendant upon a showing of good cause.
In ruling on such a motion, the court may consider the need for
the physical presence of the defendant to obtain effective
discovery, the intimidating effect of the defendant's presence on
the witness, if any, and any cost or any inconvenience related to
the defendant's presence.
 (ii) In considering the defendant's motion to be physically
present at a discovery deposition, the court may consider
alternative electronic or audio/visual means to protect the
defendant's ability to participate in discovery without his
physical presence.
 (7) Telephonic Statements. Upon stipulation of parties and the
consent of the witness, the statement of a law enforcement
officer may be taken by telephone in lieu of the deposition of
the officer. In such case, the officer need not be under oath.
The statement, however, shall be recorded and may be used for
impeachment at trial as a prior inconsistent statement pursuant
to the Florida Evidence Code.
 (e)(i) Investigations Not to Be Impeded. Except as is
otherwise provided as to matters not subject to disclosure or
restricted by protective orders, neither the counsel for the
parties nor other prosecution or defense personnel shall advise
persons having relevant material or information (except the
accused) to refrain from discussing the case with opposing
counsel, or showing opposing counsel any relevant material, nor
shall they otherwise impede opposing counsel's investigation of
the case.
 (f)(j) Continuing Duty to Disclose. If, subsequent to
compliance with the rules, a party discovers additional witnesses
or material which he would have been under a duty to disclose or
produce at the time of such previous compliance, he shall
promptly disclose or produce such witnesses or material in the
same manner as required under these rules for initial discovery.
 (g)(k) Court May Alter Times. The court may alter the times
for compliance with any discovery under these rules upon good
cause shown.
 (h)(l) Protective Orders. Upon a showing of good cause,
the court may shall at any time order that specified
disclosures be restricted or deferred, that certain matters not
be inquired into, or that the scope of the deposition be limited
to certain matters, that a deposition be sealed and after being
sealed be opened only by order of the court, or make such other
order as is appropriate

*1104
to protect a witness from harassment, unnecessary inconvenience
or invasion of privacy, provided that all material and
information to which a party is entitled must be disclosed in
time to permit such party to make beneficial use thereof.
 (i)(m) In Camera Proceedings. Upon request of any person,
the court may permit any showing of cause for denial or
regulation of disclosures, or any portion of such showing to be
made in camera. A record shall be made of such proceedings. If
the court enters an order granting the relief following a showing
in camera, the entire record of such showing shall be sealed
and preserved in the records of the court, to be made available
to the appellate court in the event of an appeal.
 (j)(n) Sanctions.
 (1) If, at any time during the course of the proceedings, it is
brought to the attention of the court that a party has failed to
comply with an applicable discovery rule or with an order issued
pursuant to an applicable discovery rule, the court may order
such party to comply with the discovery or inspection of
materials not previously disclosed or produced, grant a
continuance, grant a mistrial, prohibit the party from calling a
witness not disclosed or introducing in evidence the material not
disclosed, or enter such other order as it deems just under the
circumstances.
 (2) Willful violation by counsel of an applicable discovery
rule, or an order issued pursuant thereto, may shall subject
counsel to appropriate sanctions by the court. Such sanctions
may include, but are not limited to, contempt proceedings against
the attorney, as well as the assessment of costs incurred by the
opposing party, where appropriate.
 (3) Every request for discovery or response or objection,
including a notice of deposition made by a party represented by
an attorney shall be signed by at least one attorney of record in
the attorney's individual name, whose address shall be stated. A
party who is not represented by an attorney shall sign the
request, response, or objection and list his address. The
signature of the attorney or party constitutes a certification
that the signer has read the request, response, or objection, and
that to the best of the signer's knowledge, information, or
belief formed after a reasonable inquiry it is: (i) consistent
with these rules and warranted by existing law or a good faith
argument for the extension, modification, or reversal of existing
law; (ii) not interposed for any improper purpose, such as to
harass or to cause unnecessary delay or needless increase in the
cost of litigation; and (iii) not unreasonable or unduly
burdensome or expensive, given the needs of the case, and the
importance of the issues at stake in the litigation. If a
request, response, or objection is not signed, it shall be
stricken unless it is signed promptly after the omission is
called to the attention of the party making the request,
response, or objection, and a party shall not be obligated to
take any action with respect to it until it is signed.
 If a certification is made in violation of this Rule, the
court, upon motion or upon its own initiative, shall impose upon
the person who made the certification, the firm or agency with
which the person is affiliated, the party on whose behalf the
request, response, or objection is made, or any or all of the
above, an appropriate sanction, which may include an order to pay
the amount of the reasonable expenses incurred because of the
violation, including a reasonable attorney's fee.
 (k)(o) Costs of Indigents. After a defendant is adjudged
insolvent, the reasonable costs incurred in the operation of
these rules shall be taxed as costs against the county.
 (l)(p) Pre-trial Conference. The trial court may hold one
or more pre-trial conferences, with trial counsel present, to
consider such matters as will promote a fair and expeditious
trial. The accused shall be present unless he waives this in
writing.
 COMMENTS
 3.220(a) The purpose of this change is to ensure reciprocity of
discovery. Under the previous rule, the defendant could tailor
discovery, demanding only certain items of

*1105
discovery with no requirement to reciprocate items other than
those demanded. A defendant could avoid reciprocal discovery by
taking depositions, thereby learning of witnesses through the
deposition process, and then deposing those witnesses without
filing a demand for discovery. With this change, once a defendant
opts to use any discovery device, the defendant is required to
produce all items designated under the discovery rule, whether or
not the defendant has specifically requested production of those
items.
 Former paragraph (c) is re-lettered (b). Under (b)(1) the
prosecutor's obligation to furnish a witness list is conditioned
upon the defendant filing a "Notice of Discovery."
 Former paragraph (a)(1)(i) is re-numbered (b)(1)(i) and, as
amended, limits the ability of the defense to take depositions of
those persons designated by the prosecutor as witnesses who
should not be deposed because of their tangential relationship to
the case. This does not preclude the defense attorney or his
investigator from interviewing any witness, including a police
witness, about his or her knowledge of the case.
 This change is intended to meet a primary complaint of law
enforcement agencies, that depositions are frequently taken of
persons who have no knowledge of the events leading to the
charge, but whose names are disclosed on the witness list.
Examples of these persons are transport officers, evidence
technicians, etc.
 In order to permit the defense to evaluate the potential
testimony of those individuals designated by the prosecutor,
their testimony must be fully set forth in some document,
generally a police report.
 (a)(1)(ii) is re-numbered (b)(1)(ii). This paragraph is amended
to require full production of all police incident and
investigative reports, of any kind, discoverable, provided there
does not exist some independent reason for restricting their
disclosure. The term "statement" is intended to include summaries
of statements of witnesses made by investigating officers as well
as statements adopted by the witnesses themselves.
 The protection against disclosure of sensitive information, or
information that otherwise should not be disclosed, formerly set
forth in (a)(1)(i), is retained, but transferred to paragraph
(b)(1)(xii).
 The prohibition sanction is not eliminated, but is transferred
to paragraph (b)(1)(xiii). "Shall" has been changed to "may" in
order to reflect the procedure for imposition of sanctions
specified in Richardson v. State, 246 So.2d 771 (Fla. 1971).
 The last phrase of re-numbered paragraph (b)(2) is added to
emphasize that constitutionally required Brady material must be
produced regardless of the defendant's election to participate in
the discovery process.
 Former paragraph (b) is re-lettered (c).
 Former paragraph (b)(3) and (4) are now included in new
paragraph (d). An introductory phrase has been added to paragraph
(d). Paragraph (d) reflects the change in nomenclature from a
"Demand for Discovery" to the filing of a "Notice of Discovery."
 As used in paragraph (d), the word "defendant" is intended to
refer to the party rather than to the person. Any obligations
incurred by the "defendant" are incurred by the defendant's
attorney if the defendant is represented by counsel and by the
defendant himself if the defendant is representing himself.
 The right of the defendant to be present and to examine
witnesses, set forth in re-numbered paragraph (d)(1), refers to
the right of the defense, as party to the action. The term refers
to the attorney for the defendant if the defendant is represented
by counsel. The right of the defendant himself to be physically
present at the deposition is controlled by new paragraph (h)(6).
 Re-numbered paragraph (d)(2), as amended, reflects the new
Notice of Discovery procedure. If the defendant elects to
participate in discovery, the defendant is obligated to furnish
full reciprocal disclosure.
 Paragraph (e) was previously numbered (a)(4). This paragraph
has been modified

*1106
to permit the remedy to be sought by either prosecution or
defense.
 Paragraph (f) was previously numbered (a)(5) and has been
modified to permit the prosecutor, as well as the defense
attorney, to seek additional discovery.
 Former paragraph (c) is re-lettered (g).
 Former paragraph (d) is re-lettered (h). Re-numbered paragraph
(h)(1) has been amended to reflect the restrictions on deposing a
witness designated by the prosecution under (b)(1)(i)
(designation of a witness performing ministerial duties only or
one who will not be called at trial).
 (h)(1)(i) is added to provide that a deposition of a witness
designated by the prosecutor under (b)(1)(i) may be taken only
upon good cause shown by the defendant to the court.
 (h)(1)(ii) is added to provide that abuses by attorneys of the
provisions of (b)(1)(i) are subject to stringent sanctions.
 New paragraph (h)(1)(iii) abolishes depositions in misdemeanor
cases except upon good cause shown.
 A portion of former paragraph (d)(1) is re-numbered (h)(3).
This paragraph now permits the administrative judge or chief
judge, in addition to the trial judge, to designate the place for
taking the deposition.
 New paragraph (h)(4) recognizes that children and some adults
are especially vulnerable to intimidation tactics. Although it
has been shown that such tactics are infrequent, they should not
be tolerated because of the traumatic effect on the child. The
videotaping of the deposition will enable the trial judge to
control such tactics. Provision is also made to protect witnesses
of fragile emotional strength because of their vulnerability to
intimidation tactics.
 New paragraph (h)(5) emphasizes the necessity for the
establishment, in each jurisdiction, of an effective Witness
Coordinating Office. The Florida Legislature has authorized the
establishment of such office through Florida Statute 43.35. This
paragraph is intended to make depositions of witnesses and law
enforcement officers as convenient as possible for the witnesses
and with minimal disruption of law enforcement officers' official
duties.
 New paragraph (h)(6) recognizes that one of the most frequent
complaints from child protection workers and from rape victim
counselors is that the presence of the defendant intimidates the
witnesses. The trauma to the victim surpasses the benefit to the
defense of having the defendant present at the deposition. Since
there is no right, other than that given by the rules of
procedure, for a defendant to attend a deposition, the Florida
Supreme Court Commission on Criminal Discovery believes that no
such right should exist in those cases. The "defense," of course,
as a party to the action, has a right to be present through
counsel at the deposition. In this section, the word "defendant"
is meant to refer to the person of the defendant, not to the
defense as party. See comments to rule 3.220(d) and 3.220(d)(1).
 Although defendants have no right to be present at depositions
and generally there is no legitimate reason for their presence,
their presence is appropriate in certain cases. An example is a
complex white collar fraud prosecution in which the defendant
must explain the meaning of technical documents or terms. Cases
requiring the defendant's presence are the exception rather than
the rule. Accordingly, (h)(6)(i)(ii) preclude the presence of
defendants at depositions unless agreed to by the parties or
ordered by the court. These paragraphs set forth factors that a
court should take into account in considering motions to allow a
defendant's presence.
 New paragraph (h)(7) permits the defense to obtain needed
factual information from law enforcement officers by informal
telephone deposition. Recognizing that the formal deposition of a
law enforcement officer is often unnecessary, this procedure will
permit such discovery at a significant reduction of costs.
 Former paragraphs (e), (f), and (g) are re-lettered (i), (j),
and (k), respectively.
 Former paragraph (h) is re-lettered (l) and is modified to
emphasize the use of protective orders to protect witnesses from

*1107
harassment or intimidation and to provide for limiting the scope
of the deposition as to certain matters.
 Former paragraph (i) is re-lettered (m).
 Former paragraph (j) is re-lettered (n).
 Re-numbered (n)(2) is amended to provide that sanctions are
mandatory if the court finds willful abuse of discovery. Although
the amount of sanction is discretionary, some sanction must be
imposed.
 (n)(3) is new and tracks the certification provisions of
federal procedure. The very fact of signing such a certification
will make counsel cognizant of the effect of that action.
 Paragraph (k) is re-lettered (o).
 Paragraph (l) is re-lettered (p).

OVERTON, Justice, concurring specially.
I fully concur with the modifications in our discovery rule which address the problems and abuses that our commission objectively identified. We have made some major changes, which include restricting discovery in misdemeanors, limiting the defendant's presence at depositions, providing for protection of certain witnesses, and strengthening the sanctions for abuse of the discovery process. I find that three points should be mentioned.
The first concerns cost efficiency in discovery depositions. It would be inappropriate to address this matter in the rule because it is one which should be handled administratively. I strongly believe that all chief judges in this state should take the necessary steps to reduce deposition discovery costs by utilizing, to every extent possible, electronic reporting for criminal discovery depositions. The Eighth and Ninth Circuits have substantially reduced their costs by having such programs in place for years. Florida Rule of Judicial Administration 2.070(c) authorizes this practice.
Second, we have restricted discovery in misdemeanor cases because the process has been abused in these cases, especially in DUI matters. If law enforcement provides the defendant with a complete police report, including a full statement from the officer or officers who will testify as to the elements of the offense, then the fairness of these proceedings should not be adversely affected and the number of good cause hearings should be substantially reduced.
Third, it is important to understand that our discovery rule cannot be considered in a vacuum. Other rules are dependent upon full reciprocal discovery. For example, Florida Rule of Criminal Procedure 3.200, our notice of alibi rule, requires a defendant to furnish the state with specific information of where he claims to have been at the time of the offense and with the names and addresses of those persons who will support his alibi defense. The United States Supreme Court upheld this rule in Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), because reciprocal discovery was available. On the other hand, the United States Supreme Court, in Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), found the same type of alibi rule unconstitutional on due process grounds because that state did not provide reciprocal discovery in its rules. Further, as we explained in Sparks v. State, 273 So.2d 74 (Fla. 1973), and State v. Waters, 436 So.2d 66 (Fla. 1983), our discovery rules have eliminated the necessity for a number of prior common law rules developed to assure a fair trial when no discovery existed. If the discovery rule is substantially changed, then how defendants are charged in indictments and informations would have to be modified since our "broad discovery" rule, as explained in Waters, eliminated the need for detailed specificity in informations and indictments.
All should agree that fairness is an essential ingredient in any justice system. While a great deal has been said about Florida being one of only a few states allowing discovery, nothing has been said concerning the fact that we are also one of the few states which permits prosecuting attorneys to subpoena witnesses to testify ex parte before them. As conceded by the statewide prosecutor during oral argument, only a few jurisdictions give prosecuting *1108 attorneys that authority.[*] In most jurisdictions, the prosecuting attorneys are limited in their subpoena power. Our discovery process was developed to bring fairness and efficiency to the criminal justice process in a manner that allows both sides to know what witnesses will say. The process is not only fair but, as most authorities agree, it is also more efficient because the number of guilty pleas is increased and the number of trials is significantly reduced.
I conclude that the court has properly modified the discovery rule.
GRIMES, Justice, concurring.
I write this opinion to explain my vote to eliminate depositions as a matter of course in misdemeanor and criminal traffic offense cases.
A defendant does not have a constitutional right to take depositions. A large majority of the other states do not permit him to do so. Nevertheless, I fully concur with the decision to continue to permit depositions in felony cases because of their role in ensuring fairness and the equal administration of justice. I also acknowledge that there are some misdemeanor and criminal traffic offense cases in which the taking of depositions may further the same objectives. However, the evidence presented to the Commission convinces me that the benefits to be derived from permitting unlimited depositions in those cases does not justify the expenditure of resources. According to the Commission's report:
Although compiled data for the state do not exist, testimony from law enforcement officials has shown that the cost of the deposition process to law enforcement is substantial. In its survey of all sheriff's offices and police departments in the state, the Florida Department of Law Enforcement set out the dollar costs of depositions to these various departments. Although the report is less than clear as to the time frame involved in its survey, (the report merely states that this is an "annual" expenditure), and is also unclear as to the method used to compute the dollar amounts, the numbers are imposing.64
Testimony to the commission from sheriffs and police chiefs demonstrated that the cost is substantial. Chief Melvin Tucker, Chief of Police in Tallahassee, testified that depositions drive up the cost of litigation for law enforcement agencies. Mr. John Fuller, attorney for the Florida Sheriff's Association, testified in Tallahassee that contract negotiations and the inflexibility of the Fair Labor Standards Act contribute to the expense by forbidding offices to use "comp time". Mr. Dan Condon, Legal Advisor to the Escambia County Sheriff's Department for the past three and one-half years, testified that the average officer spends 4 hours per month in deposition, that investigators spend 6 to 8 hours per month, and Personal Crimes Unit officers and Narcotics Unit officers spend 8 1/2 to 9 hours per month in depositions. At its hearing in Tampa, the commission received valuable statistical data from Sgt. Will Brommelsick, with the Research and Planning Division of the Pinellas County Sheriff's Office and from Sgt. Lonnie Hill. Sgt. Brommelsick testified that his office spent over $50,000 on depositions alone, utilizing 3,300 man hours in processing 4,200 formal charges. Sgt. Hill described the impact of the process on the officers themselves, and pointed out that because of their assignments some officers are called to depositions far more frequently than are others, some officers on the DUI squad averaging two to three depositions per week. Chief Austin McLane of the Tampa Police Department summed it up when he stated that "... we just don't have the manpower and the budget to sometimes do what the criminal justice system needs to do." Chief Sid Klein, of the Clearwater Police Department, after pointing out that we are dealing with "big, big bucks," illuminated another facet *1109 of the problem when he pointed out that the data do not include the hours spent by police reviewing documents to prepare for depositions. Chief Joe Gerwens of the Fort Lauderdale Police Department testified that depositions for the past fiscal year cost his department $125,000 and that the cost projected for the current year was $150,000. He further pointed out that the labor contract with the police union required that a minimum of 2 hours pay be allotted whenever the officer is called for an off-duty deposition.
64 The report indicates that $12,178,200 was spent on depositions, along with 748,230 manhours devoted to depositions. The report does not indicate whether the manhours were on-duty hours or off-duty hours.
Report of the Florida Supreme Court's Commission on Criminal Discovery, at 35-38 (Feb. 1, 1989) [hereinafter Commission Report] (footnotes 63, 65-73 omitted.)
Drawing the line between felonies and misdemeanors may be viewed as arbitrary, but it is a line that the legislature has drawn in prescribing lower penalties for less serious crimes. Moreover, the Commission's report indicates that much of the law enforcement officers' deposition time is spent in DUI cases, many of which do not involve the likelihood of incarceration. In addition, we have amended these rules to require the state to provide the defendant with the police reports in all cases. Finally, upon a showing of good cause, the defendant can still take depositions even in misdemeanor and criminal traffic cases. It is also significant that while the Commission did not recommend the change, the Criminal Rules Committee approved it by an overwhelming vote.
The following portion of the separate statement of Commission member Donald M. Middlebrooks is well taken:
An approach short of total abolition of discovery depositions is scrutiny of types of crimes or levels of punishment to determine whether depositions are appropriate. Depositions in certain types of cases may involve a particularly heavy cost in terms of resources compared to any increase in accuracy of the truth finding process. In other words, even if we accept that depositions are a good thing for the criminal justice system, it is reasonable to ask whether at some point the costs outweigh the benefits.
As noted above, the burden of discovery depositions weighs particularly heavy upon police agencies and particular persons within those agencies. Witness after witness before the Commission, for example, spoke of the impact of discovery upon DUI enforcement... . When a DUI officer spends more time in deposition and in court than on the streets you have to question our allocation of resources.
Examination of Supreme Court records pertaining to criminal cases in recent years provides some data concerning the proportionate impact of types of cases upon the system:

 1986 1987 1988[7]
Def. Accused/ 135,539 148,061 128,333
 Felonies (170,683)
Def. Accused/ 408,564 445,785 347,747
 Misdemeanors (462,504)
Criminal 672,626 454,741 357,339
 Traffic Cases[8] (475,260)
 DUI Cases 75,121 71,507 47,395
 (63,036)

These figures show to some degree the relative impact of misdemeanors, and criminal traffic cases, particularly DUI cases upon the system. Curtailment of depositions in these cases should produce a significant lessening of the burden on police agencies.
.....
7 1988 figures are for the nine month period, 1/88-9/88. Annualized figures based upon the first nine months are enclosed in parentheses.
8 Figures for criminal traffic cases are kept by number of violations rather than defendants.
Commission Report, Middlebrooks, Criminal Discovery in Florida  A System Tilting Towards the Defense at 14-15.
KOGAN, Justice, concurring in part, dissenting in part.
Generally, if something is not broken, repairs are not necessary. I do not believe, as the State Attorneys of Florida argue, that the criminal discovery deposition system is broken. Accordingly, I would not attempt to fix it. While I agree that our *1110 system of taking discovery depositions needs some fine tuning as has been recommended by our Commission on Criminal Discovery and by The Florida Bar Criminal Rules Committee, I dissent from the provisions allowing prosecutors to limit the scope of available deponents and eliminating discovery depositions in misdemeanor and criminal traffic cases.
The state attorneys complain of widespread abuse of the discovery process by defense attorneys throughout the state. The testimony at proceedings conducted by the Supreme Court Discovery Rules Commission suggests that this is not the case. The Court's concern here is the efficient, fair, fiscally-sound administration of justice. While most of those who testified at the proceedings were primarily interested in gaining a tactical advantage for one side or the other, the one notable exception to this was the circuit judges, who clearly shared our interest in the fair and efficient administration of justice. Each judge who provided input stated, without reservation, that discovery depositions were vital to the administration of justice and that claims of abuse were significantly overstated.
It is eminently unfair that we allow all parties in civil proceedings full discovery before the adjudication of a property or financial dispute, while we limit a defendant's ability to conduct discovery in criminal proceedings where his or her life or liberty is at stake. It makes no logical sense to allow full discovery in civil cases but restrict discovery in criminal cases.
It is equally illogical to give prosecutors the discretion to determine which witnesses are relevant to a defendant's case and those witnesses who are not. Even assuming that a prosecutor will always exercise this discretion in good faith, the prosecutor is not in a position to determine what is relevant to the defendant's case. Relevance is in the eye of the beholder, particularly when the beholder is an adversary. I firmly believe that a defendant should be allowed to determine which witnesses may be important to his or her case. Prosecutors cannot accurately predict or determine what a defendant's case will be. It is the function of a defendant's trial counsel to determine those matters that are important to the defendant's case. This is made more difficult under the new rule adopted by the majority.
Lastly, the elimination of discovery depositions in misdemeanor and criminal traffic cases is unfair to the defendant. The Commission listened to many hours of testimony and reached the conclusion that discovery depositions are an essential part of our criminal justice system in all cases, not merely felony cases. On the other hand, the Criminal Rules Committee considered the issue at one meeting, and without any testimonial or evidentiary support, concluded that depositions in misdemeanor and criminal traffic cases should be eliminated. I can see no basis for this conclusion, as none was ever presented, but I do see the great harm it will cause.
Depositions in misdemeanor and criminal traffic cases, as in all criminal cases, ferret out the frivolous cases, clarify the factual issues, and improve the efficiency of the system at the county court level. Their elimination will radically disrupt the fair and equitable administration of justice in misdemeanor and criminal traffic cases.
It is no coincidence that each county court judge who submitted evidence, correspondence, or testimony to the Commission fully supported the retention of discovery depositions, especially in misdemeanor and criminal traffic cases. It has been well documented that abolishing these depositions will result in further case overload that will place an insurmountable burden on the county courts, making their jobs substantially more difficult. If the administration of justice is truly our ambition, these rules changes ignore that ambition.
Accordingly, I concur in part and dissent in part from the Court's adoption of the Commission's proposals. I would leave rule 3.220, as it pertains to discovery depositions in criminal cases, substantially unchanged.
SHAW and BARKETT, JJ., concur.
NOTES
[1] HCR 1679, 1988 Fla.Laws 2442.
[2] Id. at 2443.
[3] In re Criminal Discovery Commission, Fla. Admin.Order (July 7, 1988).
[*] It appears that only three other states authorize prosecuting attorneys to act in this fashion. See Ark.Stat.Ann. § 43-801 (1977); Kan. Stat. Ann. § 23.3101 (1981); La. Code Crim. Proc.Ann. art. 66 (West Supp. 1987).