PER CURIAM.
We are asked in two separate petitions to amend the procedural rules providing for discovery depositions in criminal and juvenile delinquency proceedings. We have jurisdiction. Art. V, § 2(a), Fla. Const. In the first petition, Florida’s Attorney General, the State Attorneys of Florida, the Statewide Prosecutor, and various other attorneys ask this Court to substantially limit the availability of discovery depositions under Florida Rule of Criminal Procedure 3.220(h) and to totally abolish the availability of discovery depositions under Florida Rule of Juvenile Procedure 8.060(d). In the second petition, Thomas L. Powell, President-Elect of the Florida Association of Criminal Defense Lawyers, asks this Court to amend Rule of Criminal Procedure 3.220(h) to allow discovery depositions in misdemeanor and criminal traffic offenses. The petitions were published for comment in The Florida Bar News. We have received numerous comments both in support and in opposition to the petitions.
We have considered the petitions and the comments of various individuals and organizations as well as the responses in opposition to the petition in case no. 85,585 filed by the Criminal and Juvenile Procedure Rules Committees. We also have reviewed the 1989 Report of the Florida Supreme Court’s Commission on Criminal Discovery and this Court’s 1989 decision in which we reviewed the Commission Report and thoroughly considered the issue of discovery depositions. In re Amendment to Fla.R.Crim.P. 3.220 (Discovery), 550 So.2d 1097 (Fla.1989).
The Commission on Criminal Discovery, which was appointed in response to a legislative request that a commission be appointed to review Florida Rule of Criminal Procedure 3.220, addressed many of the concerns raised in the petitions currently before us. After reviewing the Commission’s findings and recommendations and hearing oral argument on this issue, this Court concluded that
depositions in criminal eases play a necessary role in our criminal justice system by insuring fairness and equal administration of justice. Moreover, although there are undeniably some abuses of the deposition process, such abuses are not nearly as widespread as originally feared. Indeed the records and transcripts in [the 1989] proceedings lead to a single inevitable conclusion. Discovery depositions are a nec *952 essary and valuable part of our criminal justice system, and they are clearly worth the risk of some minor abuse.
550 So.2d at 1098. The Court then amended rule 3.220 “in hopes of curtailing these abuses.” Id. Discovery depositions were retained in all eases except misdemeanor eases, where depositions only may be taken upon a showing of good cause. Id.; Fla.R.Crim.P. 3.220(h)(1)(C).
We decline to reinstate discovery depositions in misdemeanor cases, as requested in case no. 85,801, because the need for such a change has not been demonstrated. We also agree with the Criminal Procedure Rules Committee that there is insufficient data from which to determine if the substantial limitation of discovery depositions requested in case no. 85,585 is warranted. However, we find the suggested changes to Rule of Criminal Procedure 3.220 recommended by the Special Subcommittee on Depositions compelling and believe that these amendments will further curtail abuse of the deposition process.
The subcommittee recommends that rule 3.220(h) be amended to require counsel to 1) coordinate the date, time and place of a discovery deposition and 2) include in the notice of taking deposition a certificate that a good faith effort was made to coordinate the deposition schedule. In coordinating depositions, the state attorney and defense counsel would be required to consider the availability and convenience of the witness.
The subcommittee also recommends that witnesses be placed in three categories for discovery purposes. Category A witnesses, which would be subject to the present deposition rule, would include 1) eyewitnesses, 2) alibi witnesses, 3) a witness who took a recorded or unrecorded statement from an accused, 4) witnesses who were present when an unrecorded statement was taken from an accused, and 5) expert witnesses who have not provided a report and a curriculum vitae or who are going to testify to test results or give opinions that will have to meet the Frye[1] test. Although the subcommittee recommends that investigating officers be in-eluded in category B, we believe that they should be classified as category A witnesses. Category B witnesses would be witnesses not included in Categories A or C. For example, transporting officers, booking officers, experts who have filed a report and a curriculum vitae, evidence and records custodians and witnesses whose only connection with the ease is the fact that they are the owners of property would be included in this category. Category B witnesses would be subject to deposition only upon leave of court upon a showing of good cause. In determining whether there is good cause to allow the deposition of a Category B witness, the court would consider the matters set forth in rule 3.220(h)(1)(C) which covers misdemeanor depositions. Category C witnesses would include witnesses designated by the prosecutor as persons who performed only ministerial functions and whom the prosecutor does not intend to call at trial or whose involvement with and knowledge of the case is fully set out in a police report or other statement furnished to the defense. Absent a strong showing that these witnesses are or may have been improperly designated, Category C witnesses would not be subject to deposition.
The subcommittee recommends that rule 3.220(n) be amended to authorize the trial judge to prohibit the taking of a deposition. The subcommittee further recommends that rule 3.220(n) be amended to provide a specific method to suspend a deposition and to apply for a protective order to stop abuse of a witness or of the deposition process. The amendment also would provide for specific sanctions in addition to those already available, to include 1) limiting the time of the deposition, 2) terminating the deposition, 3) continuing the deposition until a later time, and 4) ordering the deposition taken in open court.
The subcommittee recommends that rule 3.220(k) be amended to provide that the trial judge shall, upon application by either party, set a discovery schedule, which would include a discovery cut-off date. Finally, the subcommittee recommends that a committee note be added to rule 3.220(h) stating that *953 counsel’s failure to take a discovery deposition is not ineffective assistance of counsel unless the Strickland,[2] standard is met.
We have carefully reviewed the subcommittee’s recommendations and have determined that they should be implemented, as outlined above. In addition to the rule changes suggested by the subcommittee, we also believe that rules or administrative procedures regarding three other specific issues of concern involving rule 3.220(h) depositions need to be addressed, specifically: (1) encouraging the presence of counsel for essential witnesses who are being deposed; (2) lessening the costs of recording depositions; and (3) using notices to appear to summon law enforcement officers to depositions.
As to the first issue, a substantial complaint of the petitioners concerns the abuse of State witnesses at depositions where an assistant state attorney is not present to curb the abuses and bring them to the attention of the court. We acknowledge that there could be a problem of witness abuse where only one of the litigants’ attorneys attends a deposition. Having an assistant state attorney in attendance at any deposition of an essential witness is important. We ask the rules committees for suggestions, whether it be by rule or administrative process, as to how to eliminate this problem.
Regarding the second issue, all jurisdictions in this state need to be encouraged to utilize the least expensive method of reporting depositions. To reduce costs, a number of jurisdictions have implemented the use of electronic taping, controlling the transcription of depositions, and allowing the use of a stenotype court reporter only upon authorization of the court. We note that this is not a new idea and that a number of circuits, with this Court’s approval, have used cost-saving procedures for years. We ask the rules committees to review this matter and suggest rules, if appropriate.
Third, it has been suggested that considerable money would be saved by all governmental entities involved if law enforcement officers of state, county, or municipal entities were directed to appear at depositions through a notice to appear rather than through the more costly use of a formal subpoena. This, in our view, should be implemented by rule.
We also suggest that the chief judge, the state attorney, and the public defender of each circuit, meet on a regular basis to discuss administrative problems and to establish in their respective circuits a clear administrative policy for the taking of depositions. These meetings would serve to avoid conflicts, assure coverage, and reduce costs. However, we do not think it is necessary to implement this final suggestion by court rule.
To properly address these issues of concern, we refer this matter back to the Criminal Procedure Rules Committee for proposed amendments implementing the subcommittee’s recommendations and for recommendations and proposed rules regarding the three matters outlined above. We also ask the Juvenile Procedure Rules Committee to consider the subcommittee’s recommendations and the matters of concern outlined by the Court and to submit proposed amendments incorporating those recommendations and concerns, where appropriate, into Rule of Juvenile Procedure 8.060(d). In drafting the proposed rules, the committees should consider whether there are other witnesses that should be classified as category A witnesses. The committees shall submit the recommendations and proposed amendments by March 1,1996.
Accordingly, although the petitions at issue here are denied, the rules of criminal and juvenile procedure governing discovery depositions will be amended as outlined above upon receipt of proposed amendments from the rules committees.
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, J., concurs in part and dissents in part with an opinion, in which SHAW, J., concurs.

. Frye v. United States, 293 F. 1013 (D.C.Cir.1923).

. Strickland, v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).