327 So.2d 3 (1976)
Clyde L. HEATH, Clerk of Circuit Court of Broward County, Florida, Petitioner,
v.
Wada Sue BECKTELL, Respondent.
No. 47240.
Supreme Court of Florida.
January 14, 1976.
Philip S. Shailer, State Atty., and Jon H. Gutmacher, Asst. State Atty., for petitioner.
Warner S. Olds, Public Defender, and William W. Herring, Asst. Public Defender, for respondent.
ROBERTS, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, Fourth District, which affects a class of constitutional officers, thus vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(3), Constitution of Florida.
On November 18, 1974, the Chief Judge of the Seventeenth Judicial Circuit entered an administrative order which provides, as follows:
"THIS MATTER having come before the undersigned Chief Judge upon the written presentation of Philip S. Shailer, State Attorney of this Circuit, advising the Court of the facts contained hereinbelow; and the Court finding that the Clerk of this Court (and also in his capacity as Clerk of the County Court) has been issuing subpoenas duces tecum for discovery depositions in criminal cases upon praecipe of the various assistant public defenders and other defense *4 counsel; and the Court finding no authority in Rule 3.220(d), RCrP, for a discovery deposition subpoena to additionally compel that the witness bring with him any reports, documents, or other evidence of whatever kind or form; and the Court further finding that subsection (a)(1) of that same Rule 3.220 provides the manner and means by which the defense may discover materials in criminal cases; and the Court further having received the response of the Public Defender in opposition to the State Attorney's presentation in this regard and finding same to cite no legal authority to the contrary; and the Court further having been advised that the Judges of the Criminal Division of the Circuit Court are unanimously in accord with the State's legal position and with the Administrative Order herein entered, it is thereupon accordingly
"ORDERED AND ADJUDGED:
"1. That the Clerk of the Courts of this Circuit, and his Deputy Clerks, shall forthwith cease issuing, and they are hereby prohibited from issuing, subpoenaes duces tecum for discovery depositions in criminal cases upon praecipe of defense counsel. Any subpoena for discovery deposition which additionally seeks to compel the witness to bring with him any reports, documents, or other evidence shall, upon presentation for issuance by defense counsel, be declined and returned to him or his office.
"2. Nothing herein shall preclude the issuance of such a duces tecum subpoena for discovery deposition when ordered by a Judge after Motion, Notice and Hearing thereon pursuant to subsection (a)(5) of Rule 3.220, in which event the praecipe and proposed subpoena duces tecum, when presented to the Clerk for issuance, shall have attached thereto a true copy of the Court's Order directing the issuance of same."
Respondent was the defendant in a criminal case in Broward County. She was acquitted of the criminal charges against her before the decision of the District Court here under review was rendered. The instant cause revolves around the following facts. After being informed against, respondent filed and served the State Attorney with notice of taking the deposition of Lt. Farinato of the Broward County's Sheriff's Department, and also attempted to file a praecipe for the issuance of a subpoena duces tecum directed to Lt. Farinato commanding him to bring with him to the deposition certain statements of the defendant. Petitioner, Clerk of the Circuit Court of Broward County, refused to accept the praecipe for filing and refused to issue a subpoena duces tecum. Respondent then filed a petition for writ of mandamus with the District Court of Appeal, Fourth District, in which she requested the court to require petitioner to accept the filing of the praecipe and to issue the subpoena.
Meanwhile, pursuant to normal discovery channels of Rule 3.220(a)(1)(iii), Florida Rules of Criminal Procedure, respondent was able to obtain the information which he sought.
Specifically declining to rule as to whether the legal position taken in the administrative order is correct or not, the District Court of Appeal, Fourth District, granted the peremptory writ of mandamus requiring that upon proper filing of a notice to take a deposition and upon tender of a proper praecipe for issuance of witness subpoena duces tecum, Heath receive and file same and issue said subpoena.
Initially we find that the District Court erred in granting the petition for writ of mandamus. Under the circumstances of this cause, mandamus was not an appropriate remedy. Mandamus is an original proceeding to enforce a clear legal right to the performance of a clear legal duty, and will not ordinarily issue when other legal remedies are available. Sub judice respondent failed to show a clear legal right to the issuance of the writ and, further, failed to show that no other adequate remedy existed. The Clerk would have placed himself in jeopardy of contempt of *5 court by refusing to obey the administrative order of the Chief Judge of his circuit and, accordingly, the action requested by respondent which contradicted the administrative order could not be considered a ministerial duty of petitioner so as to be subject to requirement of performance through a mandamus action. Cf. Somylo v. Scott, 45 So.2d 502 (Fla. 1950); Dickey v. Circuit Court, Gadsden County, 200 So.2d 521 (Fla. 1967). Not only was relief available to respondent through ordinary discovery methods set out in Rule 3.220, Florida Rules of Criminal Procedure, but also respondent could have simply made application with the trial judge for the matter requested.
Obviously, the administrative order was intended as a construction of a statewide rule and, as such, we find the construction expressed therein to be appropriate and correct.
Accordingly, the decision of the District Court is quashed and the cause remanded with directions to dismiss the petition for writ of mandamus.
It is so ordered.
ADKINS, C.J., and BOYD, OVERTON, ENGLAND and SUNDBERG, JJ., concur.