PER CURIAM.
In response to our opinion of December 21, 1995, the Criminal and Juvenile Procedure Rules Committees have filed proposed amendments to Florida Rule of Criminal Procedure 3.220 and Florida Rule of Juvenile Procedure 8.060. In.re Amendment to Florida Rule of Criminal Procedure 3.220(h) & Florida Rule of Juvenile Procedure 8.060(d), 668 So.2d 951 (Fla.1996). We have jurisdiction. Art. V, § 2(a), Fla. Const.
In our December 21 opinion, we asked the rules committees to submit proposed amendments implementing recommendations of the Special Subcommittee on Depositions and addressing several other aspects of the deposition process. 668 So.2d at 953. After reviewing the committees’ proposals and the comments of various individuals and organizations, we adopt the attached amendments to rules 3.220 and 8.060 in the hope of further curtailing abuse of the deposition process.
The most significant change to the discovery rules is the requirement that the prosecutor in a felony case and the petitioner in a juvenile ease designate witnesses into three categories. Fla.R.Crim.P. 3.220(b)(1)(A); Fla.R.Juv.P. 8.060(a)(2)(A). Category A witnesses are subject to deposition as under the former rules. Fla.R.Crim.P. 3.220(h)(1)(A); Fla.R.Juv.P. 8.060(d)(2)(F). Category B witnesses are subject to deposition only upon leave of court upon a showing of good cause. Fla.R.Crim.P. 3.220(h)(1)(B); Fla.R.Juv.P. 8.060(d)(2)(G). Absent a showing that a Category C witness has been improperly designated, such witnesses cannot be deposed. Fla.R.Crim.P. 3.220(h)(1)(C); Fla.R.Juv.P. 8.060(d)(2)(H).
Another significant change is found in rule 8.060(d)(2)(I) which conforms the juvenile rule with criminal rule 3.220(h)(1)(D) by restricting depositions in juvenile cases in which only a misdemeanor or criminal traffic offense has been alleged. The other changes made in response to our December 21 opinion are readily apparent from a review of the attached amendments.
We have included one amendment to rule 3.220 not addressed in our December 21 opinion. At the suggestion of The Honorable O.H. Eaton, Jr., Circuit Judge, we have added proposed subdivision (3) to rule 3.220(p), Pretrial Conference. The proposed amendment reads:
In capital cases, if the prosecutor intends to seek the death penalty, the court shall order the disclosure of aggravating and mitigating circumstances to be relied upon in good faith at trial.
*668 This amendment is included for comment only and will not become effective until after the Criminal Procedure Rules Committee reviews the proposed amendment and files comments for this Court’s further consideration. The Committee shall file its comments within ninety days from the date of this opinion. Interested parties also may file comments on the proposed change within the ninety-day period.
Accordingly, rules 3.220 and 8.060 are otherwise amended as reflected in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by strike-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective October 1,1996, at 12:01 a.m.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ, concur.
KOGAN, C.J., concurs in part and dissents in part with an opinion.