PER CURIAM.
In response to our opinion in In re Amendment to Florida Rule of Criminal Procedure 3.220(h) & Florida Rule of Juvenile Procedure 8.060(d), 668 So.2d 951 (Fla.1995), the Criminal Procedure and Juvenile Procedure Rules Committees filed proposed amendments to Florida Rule of Criminal Procedure 3.220 and Florida Rule of Juvenile Procedure 8.060. We adopted the proposed amendments as set forth in In re Amendment to Florida Rule of Criminal Procedure 3.220(h) & Florida Rule of Juvenile Procedure 8.060(d), 681 So.2d 666 (Fla.1996). We ordered that the amendments, with the exception of proposed rule 3.220(p)(3), would become effective October 1, 1996. Proposed rule 3.220(p)(3) was included among the amendments for the limited purpose of obtaining comments and, thereafter, for further consideration by this Court. We have jurisdiction. Art. V, § 2(a), Fla. Const.
We gave the Criminal Procedure Rules Committee and other interested parties ninety days from the date of our opinion to file comments on proposed rule 3.220(p)(3). The proposed rule provides:
In capital cases, if the prosecutor intends to seek the death penalty, the court shall order the disclosure of aggravating and mitigating circumstances to be relied upon in good faith at trial.
The rules committee recommended that we reject proposed rule 3.220(p)(3). Other comments filed were also critical of the proposed rule. The Florida Public Defender Association (FPDA) recommended that the Court reject the rule because it subverted the purpose of the bifurcated death penalty process by forcing a defendant to pursue a guilt-phase defense or concede guilt and pursue mitigation. Moreover, the FPDA noted that the rule would preclude the defense from pursuing mitigators discovered during the course of the guilt phase.
*382 Likewise, several state attorneys filed comments recommending that the Court reject the proposed rule. The state attorneys suggested that the proposed rule, which does not specify sanctions for violation, might be applied unfairly. While the prosecution might be precluded from presenting an ag-gravator it failed to disclose in violation of rule 3.220(p)(3), it is unlikely that the defense would be precluded from presenting mitigating evidence it failed to disclose in violation of the ruíe.
After reviewing the rules committee’s recommendation and the comments submitted by various individuals and organizations, we decline to adopt proposed rule 3.220(p)(3).
It is so ordered.
OVERTON, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion, in which KOGAN, C.J., and SHAW, J., concur.
NO MOTION FOR REHEARING WILL BE ENTERTAINED BY THE COURT.