LEVY, Judge.
We grant the State’s Petition for Writ of Certiorari and quash the trial court’s orders denying the State’s motion for a protective order.
Each of the Respondents are currently involved in delinquency proceedings pending in the juvenile division. Respondents’ attorneys issued subpoenas and notices of the taking of the depositions of certain witnesses. These notices and subpoenas inform the deponent that he is to bring various evidence relating to the case to the deposition. The Respondents did not obtain leave of court before the subpoenas were issued. The State filed a motion for protective order, asking the trial court to quash the subpoenas and notices because they were illegal subpoenas duces tecum. The trial court entered written orders denying the State’s motion.
Florida Rule of Criminal Procedure 8.220 governs discovery depositions in criminal matters. In Heath v. Becktell, 327 So.2d 3 (Fla.1976), the Supreme Court of Florida approved a construction of Rule 3.220 that subpoenas duces tecum are not permitted in a criminal matter without leave of court. Florida Rule of Juvenile Procedure 8.060(d), governing depositions in delinquency proceedings is almost identical to Florida Rule of Criminal Procedure 3.220(h). As such, the same construction given Florida Rule of Criminal Procedure 3.220 should apply to Florida Rule of Juvenile Procedure 8.060. Under such construction, the subpoenas duces tecum in the instant case should not have issued without leave of court.[1]
Consequently, for the foregoing reasons, we hold that the trial court abused its discretion and departed from the essential requirements of the law by denying the State’s motion for a protective order. We therefore grant the State’s Petition for Certiorari and quash the trial court’s order.
Certiorari granted; order quashed.

. We reject the assertion by Respondents' counsel that a subpoena duces tecum was not issued because the notices of taking deposition and witness subpoenas only “requested’' that the deponents “[p]lease bring” the stated materials. The legal verbiage of compulsion under penalty of contempt found throughout the subpoena renders this argument without merit.