The PEOPLE of the State
of Colorado, Plaintiff

v.

Theresa BALTAZAR, Defendant.

No. 10SA101.

Supreme Court of Colorado,
En Banc.

Nov. 8, 2010.

Daniel H. May, District Attorney for the Fourth Judicial District, Terry Sample, Doyle Baker, Deputy District Attorneys, Colorado Springs, Colorado, Attorneys for Plaintiff.

Davide C. Migliaccio, Colorado Springs, Colorado, Attorney for Defendant.

Justice COATS delivered the Opinion of the Court.

The People petitioned for relief pursuant to C.A.R. 21 from an order of the district court authorizing the criminal defendant below to make ex parte application for subpoenas duces tecum and to withhold from the prosecution any information discovered by such ex parte subpoenas as to which disclosure is not mandated by Crim. P. 16. This court issued its rule to show cause why the order should not be vacated, and the defendant responded.

Because the district court erred in concluding that the defendant is constitutionally entitled to conduct an investigation according to the forgoing process, the rule is made absolute and the case is remanded to the district court for further proceedings consistent with this opinion.

## I.

Theresa Baltazar was charged with distribution of a controlled substance, attempt to commit distribution of a controlled substance, distribution of marijuana, conspiracy, and accessory to crime. On the same day the information was filed, she moved for permission to issue ex parte subpoenas duces tecum to third parties, arguing that Crim. P. 17(c)'s requirement to provide a copy to opposing counsel permits the prosecution to discover damaging information uncovered by the defense in its investigation, infringing upon her Fifth Amendment privilege against self-incrimination. Baltazar also argued that the notice requirement forces her to choose between her Fifth Amendment privilege against self-incrimination and her Sixth Amendment rights to compulsory process and the assistance of counsel.

After hearing the motion, the district court issued a written order permitting Baltazar to seek, on an ex parte basis, the issuance of subpoenas duces tecum by leave of the court. It required the filing of a motion and supporting affidavit indicating the reasons why a copy of the subpoena should not be provided to the district attorney, and it contemplated that the requests would be considered by the court in camera and ex parte. Although the order also required that any subpoenas permitted by the court on an ex parte basis include a special notice to the recipient regarding his right to apply to the court to quash or modify the subpoena, it relieved the defendant of any obligation to comply with the notice requirement of Crim. P. 17(c). More importantly, the order also apparently contemplated that the subpoenas be returnable to the defendant herself, rather than to the court for trial or other proceeding, and it mandated the disclosure of information discovered by this process only if the defendant decided to use that information at trial and only if it were information as to which disclosure would be required by Crim. P. 16.

The People now seek relief from this Court pursuant to C.A.R. 21.

## II.

Exercise of the supreme court's original jurisdiction is entirely within its discretion. *People v. Dist. Court,* 869 P.2d 1281, 1285 (Colo.1994). We have found relief pursuant to C.A.R. 21 to be appropriate to correct an abuse of discretion or excess of jurisdiction by a lower court where appellate review would be inadequate. *See Paul v. People,* 105 P.3d 628, 633 (Colo.2005); *People v. Lee,* 18 P.3d 192, 195 (Colo.2001). Because the district court's order being challenged by the prosecution represents a novel interpretation of federal constitutional provisions having a potential to impact the investigatory process, and defense counsel's effectiveness with regard to it, not only in other criminal prosecutions in this particular court but in virtually all criminal prosecutions in this jurisdiction, we consider the normal appellate review process inadequate.

Criminal defendants in this jurisdiction are guaranteed the right to compel the attendance of witnesses and the production of tangible evidence by service upon them of a subpoena to appear for examination as a witness at any proceeding before a court. § 16–9–101(1), C.R.S. (2010). All procedures related to the issuance and service of subpoenas in this jurisdiction are as prescribed by rule of this court. § 16–9–101(2). Rule 17 of the Colorado Rules of Criminal Procedure, which governs subpoenas in criminal prose-

cutions, has only recently been the object of exegesis by this court, in the context of subpoenas duces tecum commanding production prior to the date set for trial. *See People v. Spykstra,* 234 P.3d 662 (Colo.2010).

In *Spykstra,* we made clear that Crim. P. 17(c) provides a means by which a criminal defendant can compel third parties to produce evidence for use either at trial or for pretrial inspection under the supervision of the court, where the latter is necessary to facilitate and expedite trials involving voluminous discovery. 234 P.3d at 668. It does not, however, provide for expanded discovery. *Id.* While the rule therefore permits, under limited circumstances, subpoenas duces tecum to be made returnable before trial, we have made clear that such subpoenas may command only in-court production, rather than production solely to and for the benefit of the defendant. *Id.; cf.* CBA Formal Ethics Op. 102 (1998) (disapproving as "clearly a misuse of Rule 17(c)" the issuance of "subpoenas in criminal proceedings to conduct secret pretrial discovery" or to obtain "exclusive review of information"). Because Colorado, like most other states, permits criminal depositions only as a means of preserving the testimony of witnesses who will be unable to attend a trial or hearing, subpoenas and subpoenas duces tecum may be issued even for pre-trial depositions in criminal cases only at the direction of the court, and only as permitted by Crim. P. 15.

In determining that district attorneys have standing to move to quash subpoenas issued to third parties, we also emphasized in *Spykstra* that Crim. P. 17(c), unlike its federal counterpart, expressly mandates that a subpoenaing party provide a copy of the subpoena to opposing counsel upon issuance. 234 P.3d at 667. Unlike the federal rule, which has been construed on occasion to permit the ex parte *issuance* of subpoenas duces tecum in extraordinary circumstances, *see, e.g., United States v. Beckford,* 964 F.Supp. 1010, 1027 (E.D.Va.1997), the express language of Crim. P. 17(c) therefore precludes even that degree of judicial gloss. While a small minority of federal district courts have taken the position that nothing in Fed.R.Crim.P. 17(c) prohibits them from permitting the inspection of subpoenaed documents by only one party, *see United States v. Daniels,* 95 F.Supp.2d 1160, 1162 (D.Kan. 2000); *United States v. Tomison,* 969 F.Supp. 587, 591 (E.D.Cal.1997); *Beckford,* 964 F.Supp. at 1026 n. 21, this expansive interpretation of the federal rule is contrary to the majority of federal courts. *See, e.g., United States v. Najarian,* 164 F.R.D. 484, 487 (D.Minn.1995); *United States v. Ashley,* 162 F.R.D. 265, 267 (E.D.N.Y.1995); *United States v. Hart,* 826 F.Supp. 380, 381 (D.Colo. 1993); *United States v. Urlacher,* 136 F.R.D. 550, 556 (W.D.N.Y.1991).

Although the district court's order indicates that the ex parte subpoenas it permits are nevertheless issued pursuant to Crim. P. 17, and the defendant clearly offers lower federal court interpretations of Fed. R.Crim.P. 17(c) in support of that order, the thrust of both the order and the defendant's arguments in this court appears to be that a criminal defendant has a constitutional right to the form of process created by the district court below. Relying heavily on a lone federal district court memorandum opinion construing the federal rule to permit ex parte *applications* for subpoenas duces tecum when necessary to prevent the disclosure of sensitive defense tactics that are preliminary to a decision whether the subpoenas will even issue, the defendant argues that by requiring notice to the prosecution Crim. P. 17(c) is unconstitutional. *See United States v. Beckford,* 964 F.Supp. 1010, 1030 (E.D.Va.1997). More specifically, she seeks to expand *Beckford's* suggestion of Fifth and Sixth Amendment bases for permitting limited ex parte *applications* for subpoenas duces tecum into authority for the proposition that she is constitutionally entitled to compulsory process in support of her counsel's pre-trial search for evidence. While neither this court nor the United States Supreme Court appears to have ever been approached with such a sweeping claim, the Supreme Court's discovery and access-to-evidence jurisprudence in related contexts makes clear its lack of merit.

As we noted in *Spykstra,* the Supreme Court has found there to be no general constitutional right to discovery in a criminal case, *Weatherford v. Bursey,* 429 U.S. 545,

559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977), and more specifically, that the right to confrontation is a trial right—not a constitutionally compelled rule of pre-trial discovery. *Pennsylvania v. Ritchie*, 480 U.S. 39, 52, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (plurality opinion). Apart from serving to secure witnesses and evidence for in-court presentation, *see Maryland v. Craig*, 497 U.S. 836, 850, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) (describing compulsory process as a "necessit[y] of trial"); *Taylor v. Illinois*, 484 U.S. 400, 415–16, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (exercising compulsory process right culminates in "the servicing of subpoenas on those whose testimony will be offered at trial"); *Washington v. Texas*, 388 U.S. 14, 23, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) (describing compulsory process right as a "right to put on the stand" favorable witnesses), the Compulsory Process Clause, as distinguished from the Due Process Clause, has never been found by the Court to guarantee access to evidence more generally. *See Ritchie*, 480 U.S. at 56, 107 S.Ct. 989 (evaluating access-to-evidence argument under Due Process Clause, rather than Compulsory Process Clause, and stating "compulsory process provides no *greater* protections in this area than those afforded by due process" (emphasis in original)).

■ With regard to the dictates of due process, the Court has found, at most, an entitlement of access to evidence and witnesses that would be both constitutionally material and favorable to the accused. *See Arizona v. Youngblood*, 488 U.S. 51, 55, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."); *United States v. Bagley*, 473 U.S. 667, 675, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (stating that, under *Brady*, "the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial"); *United States v. Valenzuela–Bernal*, 458 U.S. 858, 874, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982) (due process violation occurs where government deports defense witness "only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact"). Similarly, the Sixth Amendment right to the effective assistance of counsel includes an entitlement to no more than a thorough investigation, limited by reasonable professional judgments. *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Both this court and the United States Supreme Court have emphasized that their respective rules permit subpoenas only for the production of "evidence"—not as an investigative tool. *United States v. Nixon*, 418 U.S. 683, 698, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (Fed.R.Crim.P. 17(c) was "not intended to provide a means of discovery for criminal cases"); *Spykstra*, 234 P.3d at 669 (Crim. P. 17(c) is not to be used as an "investigatory tool"). Were the defendant's constitutional right to compulsory process, regardless of its specific source, as broad as she contends, there would be little point in a rule of procedure not permitting subpoenas as an investigative tool because that usage would already be guaranteed by the constitution itself. Whether or not the defendant's constitutional interpretation has already been expressly considered and rejected, the United States Supreme Court has implied as much both by the limitations it has imputed to Rule 17(c) and by its due process, access-to-evidence jurisprudence. And this court has expressly characterized Crim. P. 17(c) as implementing the Sixth Amendment guarantee of compulsory process. *Spykstra*, 234 P.3d at 671 (citing *In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir.1988)).

### III.

Because the district court erred in concluding that the defendant is constitutionally entitled to conduct an investigation according to the forgoing process, the rule is made absolute and the case is remanded to the district court for further proceedings consistent with this opinion.