# Third District Court of Appeal

## State of Florida

Opinion filed October 29, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2371
Lower Tribunal No. 12-4783
_____

**M.H., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Carlos J. Martinez, Public Defender, and James Moody, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jay E. Silver, Assistant Attorney General, for appellee.

Before ROTHENBERG, LAGOA, and SCALES, JJ.

ROTHENBERG, J.

M.H., a juvenile, appeals from an order withholding adjudication of delinquency and imposing probation for burglary of an unoccupied dwelling and petit theft. He contends the State committed a discovery violation by listing the victim of the charged crimes as a Category B witness in its discovery exhibit rather than as a Category A witness,[1] and therefore, the trial court erred by failing to conduct a full Richardson[2] inquiry to address the discovery violation. We agree. The victim in this case should have been listed as a Category A witness, and thus, the Richardson hearing conducted by the trial court was inadequate. Because we cannot say that the procedural prejudice due to this error was harmless beyond a reasonable doubt, we reverse and remand for a new adjudicatory hearing.

M.H. was charged with burglary of an unoccupied dwelling and grand theft. Officer Jabiles of the Miami Gardens Police Department submitted an investigation/incident report wherein he reported that the victim told him only that he left his residence at approximately 8:00 p.m. on October 31, 2012, and upon returning at 11:30 p.m., he discovered that a screen from a window at the rear of his apartment had been removed, the unsecured window was ajar, and a necklace was missing from his bedroom. In his deposition testimony, Officer Jabiles confirmed that the victim stated at the scene of the crime that he left his apartment

---

[1] As will be explained later in this opinion, witnesses are categorized as either Category A, B, or C witnesses pursuant to Florida Rule of Juvenile Procedure 8.060(2)(A).
[2] Richardson v. State, 246 So. 2d 771 (Fla. 1971).

2

at 8:00 p.m. and discovered the theft upon his return at 11:30 p.m. Believing that the victim had merely discovered the theft and had no other relevant testimony, M.H. did not attempt to depose the victim.

During the adjudicatory hearing, however, the State called the victim as a witness, and he testified as follows. The victim lives in a first-floor apartment located in a three-building apartment complex. On October 31, 2012, before dark, he left his apartment and went down to the pool area to wait for his friend to bring him some food. Before leaving his apartment, he locked the front door but left his bedroom window ajar. While waiting for his food to be delivered, the victim saw M.H., M.H.'s brother H.H., and two or three other individuals enter the area outside of the apartment complex. Although M.H. and the others continued on and entered the victim's apartment building through the main door, H.H. stopped and stayed in the pool area of the apartment complex where the victim was waiting for his food. The victim did not see M.H. enter his apartment unit, steal any of his belongings, or in possession of any of the items stolen.

The victim returned to his apartment when his food was delivered. After eating, the victim went into his bedroom and discovered that the window screen, which can only be removed from the outside, had been removed from the open window and several items were now missing from his bedroom, including a 14-carat gold necklace. The victim summoned the police; the police responded to his

3

apartment that evening to investigate; and the following day, a crime scene investigator lifted several prints from the inside of his bedroom. A fingerprint analyst later testified that a palm print lifted from the victim's bedroom windowsill matched M.H.'s palm print.

Immediately after the victim testified that he saw M.H. enter his apartment building, defense counsel objected to the State's characterization of the victim as a Category B witness and requested a <u>Richardson</u> hearing. Defense counsel argued that the victim was an "eye witness" because the victim's testimony placed M.H. in the vicinity of the apartment building at the time of the burglary and theft, and therefore, the State should have listed the victim as a Category A witness in its discovery exhibit. Based on defense counsel's objection, the following exchange took place:

> [Trial Court]: We are going to have a <u>Richardson</u> Hearing. So first of all is there a discovery violation? Your argument is that there is a discovery violation because [the victim] was not listed as an (A) witness when you believe that he is an eyewitness, correct?
> [Defense Counsel]: Yes, Your Honor.
> . . . .
> [Trial Court]: And State your argument is that [the victim] is not [an] eyewitness between [sic] within the meaning of the rule defining an eyewitness for purposes of being listed as an (A) witness; correct?
> [State]: That's exactly right.
> . . . .
> [Trial Court]: Okay well I find that there is no discovery violation and we will move on. . . . There is no need to address the other factors in a <u>Richardson</u> Inquiry.

4

After the victim testified, the defense moved for an emergency continuance in order to call Officer Jabiles to impeach the victim's testimony. Defense counsel proffered that Officer Jabiles would testify that the victim told him only that he had left his apartment at 8:00 p.m. on the night of the burglary, and that he discovered the burglary and theft upon returning at 11:30 p.m. Because defense counsel had not subpoenaed Officer Jabiles for trial, the trial court denied the motion.

At the conclusion of the hearing, the trial court found that M.H. committed the offenses of burglary and petit theft, withheld adjudication, and placed M.H. on probation.

We conclude that the State improperly listed the victim as a Category B witness and that the State's improper characterization of the witness as a Category B witness constitutes a discovery violation. Because the trial court incorrectly found that there was no discovery violation, it did not conduct a full Richardson inquiry. Because we cannot say that the procedural prejudice due to this error was harmless beyond a reasonable doubt, we reverse and remand for a new adjudicatory hearing.

In December 1995, a special subcommittee selected to review the deposition process recommended that the Florida Rules of Criminal Procedure be amended and that "witnesses be placed in three categories for discovery purposes"— Category A, B, or C. In re Amendment to Fla. Rule of Criminal Procedure

<u>3.220(h)</u>, 668 So. 2d 951, 952 (Fla. 1995). The Florida Supreme Court referred the matter back to the Criminal Procedure Rules Committee and the Juvenile Procedure Rules Committee to consider the subcommittee's recommendations.

In September 1996, "in the hope of further curtailing abuse of the deposition process," the Florida Supreme Court adopted the proposed amendments to rules 3.220 and 8.060 filed by the Criminal Procedure Rules Committee and the Juvenile Procedure Rules Committee respectively. <u>In re Amendment to Fla. R. Crim. P. 3.220(h) & Fla. R. Juv. P. 8.060(d)</u>, 681 So. 2d 666, 667 (Fla. 1996). As explained by the Florida Supreme Court:

> The most significant change to the discovery rules is the requirement that the prosecutor in a felony case and the petitioner in a juvenile case designate witnesses into three categories. Category A witnesses are subject to deposition as under the former rules. Category B witnesses are subject to deposition only upon leave of court upon a showing of good cause. Absent a showing that a Category C witness has been improperly designated, such witnesses cannot be deposed.

<u>Id.</u> (citations omitted).

Rule 8.060 "classifies witnesses based on their level of knowledge concerning the charged offense[s]. Such classification is based on the witness's ability to contribute towards determining the guilt or innocence of the defendant." <u>Davis v. State</u>, 73 So. 3d 304, 307 (Fla. 1st DCA 2011) (footnote omitted).[3]

_____

[3] <u>Davis</u> discusses Florida Rule of Criminal Procedure 3.220(b)(1)(A). However, as rule 3.220(b)(1)(A) and rule 8.060(2)(A), which both categorize witnesses as either A, B, or C witnesses, are materially identical, the same construction of rule 3.220 should be given to rule 8.060. <u>See</u> <u>State v. D.R.</u>, 701 So. 2d 120, 121 (Fla. 3d

Category A witnesses possess the highest level of knowledge concerning the charged offenses and include, for example, eye witnesses, alibi witnesses, and investigating officers. Fla. R. Juv. P. 8.060(a)(2)(A)(i). In contrast, Category C witnesses possess the lowest level of knowledge concerning the charged offenses. Category C specifically encompasses "[a]ll witnesses who performed only ministerial functions or whom the petitioner does not intend to call at the hearing and whose involvement with and knowledge of the case is fully set out in a police report or other statement furnished to the defense." Fla. R. Jur. P. 8.060 (a)(2)(A)(iii). Category B witnesses are "[a]ll witnesses not listed in either Category A or Category C." Fla. R. Jur. P. 8060 (a)(2)(A)(iii). An important procedural difference between a Category A witness and a Category B witness is that a Category A witness may be deposed without leave of court, Fla. R. Juv. P. 8.060(d)(2)(F), whereas a Category B witness may only be deposed "upon leave of court with good cause shown." Fla. R. Juv. P. 8.060(d)(2)(G).

Although the categorization of witnesses under this scheme was implemented to curtail abuse of the deposition process, In re Amendment to Fla. R. Crim. P. 3.220(h) & Fla. R. Juv. P. 8.060(d), 681 So. 2d at 667, the State must keep in mind that the "chief purpose of our discovery rules is to assist the truth-finding function of our justice system and to avoid trial by surprise or ambush."

DCA 1997).

7

<u>Scipio v. State</u>, 928 So. 2d 1138, 1144 (Fla. 2006).

The main dispute in this appeal is whether the victim was an eye witness for purposes of rule 8.060. The term "eye witness[]" is not defined in rule 8.060 or rule 3.220, and we have not discovered any case law defining the term as it pertains to these procedural rules. The State and M.H. have taken contrasting views as to the meaning of the term "eye witness." The State contends that to be an "eye witness," the witness must actually witness the perpetrator commit the charged offense(s) or an element of the charged offense(s). Thus, the State argues that because the victim did not see M.H. enter his apartment or remove any of the items taken, the victim does not qualify as an eye witness, and therefore, the State properly listed the victim as a Category B witness in its discovery response.

In contrast, M.H. contends that an eye witness is merely "[o]ne who personally observes an event," <u>Black's Law Dictionary</u> 626 (8th ed. 2004), and that the victim in this case qualifies as an "eye witness" because he testified about an event he personally witnessed: M.H. entering the apartment building where the charged crimes occurred at the time when the crimes allegedly occurred. Thus, the State committed a discovery violation by listing the victim as a Category B witness, rather than as a Category A witness.

Although we do not agree that a witness who merely "observes an event" is necessarily an "eye witness" for purposes of rule 8.060, we also do not interpret

8

the rule as narrowly as the State has requested. Instead, we conclude that a practical, common-sense application must be used when classifying witnesses under rule 8.060, taking into consideration the purpose of the discovery rules, the content of the witness's testimony, and the effect of the classification.

To reiterate, the "chief purpose of our discovery rules is to assist the truth-finding function of our justice system and to avoid trial by surprise or ambush." Scipio, 928 So. 2d at 1138. Regarding the content of the victim's testimony, we note that his testimony was highly material in establishing M.H.'s guilt because the victim was able to place M.H. in the vicinity of the crime at or near the time the crimes were committed. The effect of the State's classification of the victim as a Category B witness was to mislead the defense as to materiality of the victim's testimony and to preclude the defense from discovering this highly material evidence against M.H. Based on the State's characterization of the victim as a Category B witness, the police report, and Officer Jabiles' deposition testimony, the defense reasonably believed that the victim would merely testify that he did not give anyone permission to enter his apartment and take his property. Because M.H. and his counsel were not put on notice that the victim would actually place M.H. at the scene of the crime at or around the time the crimes were committed, M.H. and his counsel were caught by surprise, and in effect, they were ambushed by the victim's testimony at trial.

Because the victim's testimony placed M.H. in the vicinity of the charged offenses at the time they were committed, the victim was transformed from someone who had little to offer as to M.H.'s guilt or innocence to someone whose testimony was highly material in establishing M.H.'s guilt. Also, by classifying the victim as a Category B witness, the defense was precluded from deposing the victim absent leave of court and unless he could show good cause. Fla. R. Juv. P. 8.060(d)(2)(G). Based on the information known to the defense, it would have been unreasonable to seek leave of court to depose the victim because the defense could not have shown good cause. Thus, under the circumstances of this case, we conclude that the trial court erred in finding that the State did not commit a discovery violation by listing the victim as a Category B witness.

As a discovery violation did occur, the trial court was required to conduct a full Richardson inquiry as to whether the violation: (1) was willful or inadvertent, (2) was substantial or trivial, and (3) had a prejudicial effect on the aggrieved parties' trial preparation. See Delhall v. State, 95 So. 3d 134, 160 (Fla. 2012); Richardson, 246 So. 2d at 775; Williams v. State, 143 So. 3d 1120, 1125 (Fla. 4th DCA 2014). However, because the trial court found that there was no discovery violation, it did not conduct a full Richardson inquiry.

When a trial court fails to conduct an adequate Richardson inquiry, the error is not per se reversible, but "harmful error is presumed." Acosta v. State, 856 So.

10

2d 1143, 1144-45 (Fla. 4th DCA 2003). "Only if the appellate court can say, beyond a reasonable doubt, that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless." Id. at 1145. "[T]he defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred." State v. Schopp, 653 So. 2d 1016, 1020 (Fla. 1995); see also Acosta, 856 So. 2d at 1145.

Based on the circumstances of this case, we cannot say beyond a reasonable doubt that M.H. was not procedurally prejudiced by the State's discovery violation. Specifically, the defense most likely would have subpoenaed Officer Jabiles to impeach the victim's trial testimony that he saw M.H. walk into the apartment building, thereby placing M.H. in the vicinity of the charged offenses at the time when the offenses were committed. Given this knowledge, M.H. may have employed a completely different strategy at trial. Accordingly, we reverse the order under review and remand for a new adjudicatory hearing.[4]

Reversed and remanded.

---

[4] As we have concluded that reversal is warranted, we need not address the remaining issues raised by M.H.