GROSS, J.
A firsi>degree murder defendant petitions for a writ of certiorari from the trial court’s denial of his request to issue ex parte subpoenas duces tecum. Petitioner contends that he has a right to have these subpoenas for documents issued secretly to gather information potentially relevant to his defense, without revealing his defense strategy to the State.
We deny the petition as petitioner has not established a departure from the essential requirements of law resulting in any material injury. The exclusion of work product from discovery in the criminal rules applies to tangible items, not to the inference that may be drawn about a lawyer’s theory of a case from a discovery request.
Petitioner has not been compelled to produce any privileged or protected information. Petitioner is able to ask the trial court to subpoena the records at issue without revealing any protected information. If necessary, petitioner may ask the trial court to consider in-camera his showing that the records sought are material to his defense, so that they may be obtained in discovery.

Background

A grand jury has indicted petitioner and a co-defendant for first-degree murder.
Petitioner filed a motion for an ex-parte, in-camera hearing regarding production of records. Counsel asked for the judge’s assistance to obtain tangible evidence and documents for purposes of preparing a defense. He asked the court to: (1) conduct an ex parte, in-camera hearing to determine the legitimacy of his discovery *99 request; (2) issue any orders necessary to effectuate the request; and (3) seal all records of the hearing and any orders entered as a result. The motion explained, “The exact assistance needed from the court as well as the reasons justifying the assistance cannot be disclosed by the defense as they would necessitate disclosure of the theory of defense in this case, along with associated work product.” He also asked the court to order the recipients of the subpoenas to keep their existence confidential.
The trial judge conducted a short ex parte hearing, and counsel submitted his written ex parte request, which set out the factual basis for the discovery he was seeking. He explained that the entities in possession of the records had refused to release the information without a court order. The judge agreed to maintain the request and the ex parte hearing under seal and subsequently rendered the order at issue, denying petitioner’s request to issue the subpoenas in secret.
Petitioner now seeks a writ of certiorari. Pursuant to an unopposed motion, petitioner has submitted under seal with this court a copy of his ex parte request and a transcript of the ex parte hearing.

Analysis

Certiorari review is discretionary, but to properly invoke our jurisdiction, the petitioner must first show “irreparable harm,” that is, the existence of material injury throughout the remainder of the case that cannot adequately be remedied on appeal. See Bd. of Trustees of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC, 99 So.3d 450, 454-55 (Fla.2012). Before this court can grant discretionary relief by certiorari, the petitioner must demonstrate a departure from the essential requirements of law, which must be a serious legal error. See Williams v. Oken, 62 So.3d 1129, 1133 (Fla.2011).
Petitioner contends that he is being forced to disclose privileged information, including “developing theories of defense,” which he argues is protected opinion work product. See Fla. R. Crim. P. 3.220(g)(1). Petitioner contends that by publicly requesting the subpoenas he may “tip his hand” and alert the state to his theory of defense. He asserts that an attorney’s work product is fiercely protected and that the discovery rules should be interpreted to prevent the opposing party from bene-fitting from the investigation of its adversary. He recognizes that discovery cannot qualify as work product but asserts that the “selection process” of matters for discovery can reveal defense counsel’s mental impressions.
The notion of work product cannot be stretched to obtain the result petitioner desires. Rule 3.220(g)(1) provides that, for both the defense and the prosecution, work product is a matter not subject to disclosure, but the rule identifies tangible items, not discovery conduct that could suggest the thought process of the attorney propounding it:
(g) Matters Not Subject to Disclosure
(1) Work Product. Disclosure shall not be required of legal research or of records, correspondence, reports, or memoranda to the extent that they contain the opinions, theories, or conclusions of the prosecuting or defense attorney or members of their legal staffs.
An attorney’s mere selection of documents to subpoena does not confer the status of work product upon the documents or the selection process any more than a lawyer’s decision to depose certain witnesses would allow the questioning to be conducted in secret. The discovery rules do not preclude speculation about an *100 opponent’s theory of the case based on the discovery that has been sought.
Petitioner acknowledges that no statute, rule, or Florida case entitles a criminal defendant to secretly have the trial court issue subpoenas to assist in investigating a defense. He nevertheless argues that the court’s order departs from the constitutional right of a criminal defendant to have “compulsory process” for obtaining witnesses in his or her favor. U.S. Const. Amend. VI (“In all criminal prosecutions, the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor....”); Art. I, § 16(a), Fla. Const. (“In all criminal prosecutions the accused ... shall have the right to have compulsory process for wit-nesses_”). He submits that the trial court’s refusal to issue the subpoenas duces tecum in secret denies him due process and “fundamental fairness.”
Petitioner has not been denied the right to have compulsory process for obtaining evidence for his defense. See People v. Baltazar, 241 P.3d 941 (Colo.2010) (en banc) (rejecting a similar claim and vacating an order allowing defendant to issue subpoenas duces tecum in secret). The right to compulsory process allows a defendant to have subpoenas issued for production of evidence, “not as an investigative tool.” Id. at 944.
Here, the trial court has not precluded defendant from applying for a subpoena for the records he seeks. The court simply refused to issue the subpoenas secretly. Petitioner has not been denied access to evidence material to his defense.
Petitioner has not established that the trial court departed from the essential requirements of law. The trial court found persuasive an order from another circuit court. State v. Williams, No. F11-20364C, 2013 WL 753235 (Fla. 11th Cir.Ct. Feb. 18, 2013). In Williams, the defendant sought the same relief as petitioner. Id. He asked the court to issue subpoenas duces tecum in secret, without disclosing to the state the names of the persons to whom the subpoenas were directed. Id. The Williams court denied the request because there was no authority for issuing a secret subpoena duces tecum and because the Florida Supreme Court implicitly rejected a defendant’s entitlement to such relief in Heath v. Becktell, 327 So.2d 3, 5 (Fla.1976). Id.
Petitioner argues that Williams is wrongly decided and complains that, unlike the State, a criminal defendant does not have an investigative subpoena power or the right to have a subpoena remain secret. Cf. State v. Investigation, 802 So.2d 1141, 1144 (Fla. 2d DCA 2001) (recognizing that section 27.04, Florida Statutes, allows “the state attorney to issue subpoenas duces tecum for records as part of an ongoing investigation”) (additional citations omitted); see also § 119.071(2)(c)1, Fla. Stat. (2015) (exempting “active criminal investigative information” from the public records law); § 895.06(2), Fla. Stat. (2015) (providing for confidentiality of civil investigative subpoenas issued in racketeering investigations).
However, the rationale behind the State’s investigative subpoena power and the need for confidentiality during an active criminal investigation is not relevant here. “The purpose of an investigative subpoena is to allow the State to obtain the information necessary to determine whether criminal activity has occurred or is occurring.” Investigation, 802 So.2d at 1144. “[T]he purpose of the ‘active criminal investigative information’ exception [to the public records law] is to prevent premature disclosure of information during an ongoing investigation being conducted in good faith by criminal.justice authorities.” Barfield v. City of Ft. Lauderdale Police *101 Dept., 639 So.2d 1012, 1017 (Fla. 4th DCA 1994).
Petitioner has not pointed to any authority which supports his argument that a defendant charged with a crime obtains any comparable investigative subpoena power or right to issue subpoenas in secret. Being charged with a crime does not confer upon'a defendant the same investigative powers enjoyed by the state in uncovering criminal conduct.
The Florida Supreme Court has recognized that a criminal defendant is required to apply to the court in order to have subpoenas issued for documents. Heath, 327 So.2d. at 5 (approving a circuit courts administrative order enforcing the rules of criminal procedure and precluding the clerk of court from issuing subpoenas duces tecum in criminal cases based solely on a request by defense counsel). Nothing in the criminal rules or statutes authorizes a defendant to have the courts assistance in conducting discovery in secret.
Finally, we address petitioner’s allegations that he has been or may be required to reveal protected information in order to obtain the discovery.
We have reviewed the written request that petitioner submitted under seal, and the subject matter of the request is not privileged or .attorney work product. The trial court has not required the defense to disclose any privileged information or protected work product.
Petitioner has not shown that he will be forced to reveal protected information in order to obtain the discovery.
Florida Rule of Criminal Procedure 3.220(b) and (d) catalogue each side’s discovery obligations.[1] Rule 3.220(f) allows for “additional discovery” -and provides: “On a showing of materiality, the court may require such other discovery to the parties as justice may require.”
Petitioner had the burden of demonstrating the materiality of the discovery at issue.- “The mere possibility that- information may be helpful to the defense in its own investigation does not establish materiality. The defendant has the burden to show materiality of matters not enumerated in rule 3.220(b) or constituting Brady[2] material.” Demings v. Brendmoen, 158 So.3d 622, 625 (Fla. 5th DCA 2014) (internal citations omitted).
The rules provide a mechanism for a defendant to make a showing of materiality without revealing privileged or protected information. Rule 3.220(m) provides:
(1) Any person may move for an order denying or regulating disclosure of sensitive matters. The court may consider the matters contained in the motion in camera.
(2) Upon request, the court shall allow the defendant to make an ex parte showing of good cause for taking the deposi-tioh of a Category B witness.
(3) A record shall be made of proceedings authorized under this subdivision. If the court enters an order granting relief after an in camera inspection or ex parte showing, the entire record of the proceeding shall be sealed and preserved and be made available to the appellate court in the event of an appeal.
Thus, if necessary to avoid revealing privileged communications or protected work product, petitioner could ask the trial *102 court to review his showing of materiality for the additional discovery in camera.
The trial court in this case effectively allowed petitioner to do so by considering his request in camera. Petitioner has not shown that the trial court departed from the essential requirements of law by refusing to issue the subpoenas in secret.

Petitioiifor writ of certiorari denied.

WARNER and TAYLOR, JJ., concur.

. Notably, one of the defendant’s discovery obligations is to produce "any tangible papers or objects that the defendant intends to use in the hearing or trial.” Fla. R. Crim. P. 3.220(d)(1)(B)(iii),

. Brady v. Maryland, 373 U.S. 83; 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).